IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH GLENN BRUMBACK,

    Petitioner,

v.                                                Civil Action No. **3:11CV638**

JAMES BEALE,

    Respondent.

## MEMORANDUM OPINION

Joseph Glenn Brumback, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court for the County of Southampton, Virginia ("Circuit Court") for possession of marijuana while a state prisoner. The petitioner argues that this conviction was based on insufficient evidence, that trial counsel was ineffective in its representation, and that appellate counsel was also ineffective in its representation. Finding these claims to be without merit, the Court DENIES the § 2254 Petition and DISMISSES the action.

### I. PROCEDURAL HISTORY

The Court of Appeals of Virginia aptly summarized the relevant facts of this case:

> [O]n January 13, 2007, [Brumback] was incarcerated on a felony conviction at Southampton Correctional Center [("SCC")]. On that day, Lieutenant Tracy Teel, an employee of the Department of Corrections, conducted a routine drill inspection of housing unit number two. Upon entering the hallway, she noticed a smell of fresh marijuana. She followed the scent to [Brumback's] room, where she found [Inmate Estelle] on the bed reading a magazine. When asked about the odor coming from his room, [Brumback] responded that it was either prayer oil or incense. Teel and another officer then searched [Brumback's] room. They located 39.4 grams of marijuana on top of a locker concealed by a blanket. While waiting for the shift supervisor to arrive, [Brumback] asked Teel if she would flush the marijuana before the supervisor arrived. When she responded that she would not, [Brumback] advised her that he "couldn't stand a drug charge." As

> [Brumback] was being handcuffed, Teel recovered pieces of plastic and tape from [Brumback's] back pocket. Teel testified that she believed the tape and plastic were used in transporting the marijuana into the institution.
> On cross-examination, Teel admitted that she had subsequently been fired from the Department of Corrections for fraternizing with inmates, namely, with "Neal." She testified that such behavior is considered as breaking a "cardinal rule."
> [Brumback] testified that there is "bad blood" between Neal and himself. [Brumback] denied knowing the marijuana was in his room, and he also testified that the plastic and tape were just pieces of trash that he had picked up off of the floor.

*Brumback v. Commonwealth*, No. 2980-08-1, at 1-2 (Va. Ct. App. May 15, 2009).

The Circuit Court convicted Brumback for unlawfully possessing marijuana while an inmate. *Id.* at 1. Brumback appealed this decision to the Court of Appeals of Virginia, arguing that the evidence at trial was insufficient to support the Circuit Court's finding of guilt. *Id.* The Court of Appeals of Virginia, finding that "the evidence was sufficient to support [Brumback's] conviction," affirmed the Circuit Court's decision. *Id.* at 4. The Supreme Court of Virginia (SCOVA) refused Brumback's subsequent petition for appeal. *Brumback v. Commonwealth*, No. 091765, at 1 (Va. Jan. 29, 2010).

Brumback then filed a petition for a writ of habeas corpus in SCOVA. Finding that Brumback failed to demonstrate ineffective assistance of trial or appellate counsel, SCOVA dismissed his petition. *Brumback v. Warden, Haynesville Corr. Ctr.*, No. 102112, at 4 (Va. June 2, 2011). Subsequently, Brumback filed his § 2254 Petition in this Court making the following claims:

> Claim One     The Circuit Court, Court of Appeals of Virginia, and the Supreme Court of Virginia violated Brumback's Fourteenth Amendment[1] right to Due Process by convicting Brumback, and upholding that conviction, without sufficient evidence.

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

2

Claim Two   (a) In violation of Brumback's Sixth Amendment[2] right, trial counsel ineffectively counseled Brumback to take the stand in his own defense.

(b) Appellate counsel ineffectively "pursued issues that were clearly and significantly weaker." (§ 2254 Pet. 20 (capitalization corrected).)

Claim Three   (a) Trial counsel deficiently failed to challenge the nolle prosequi requested by the Commonwealth's Attorney.

(b) "Appellate counsel was ineffective and objectively unreasonable upon appeal by not efforting [sic] an ends of justice waiver and pursuing an issue in the alternative that was clearly and significantly wea[k]er." (*Id.* at 22 (capitalization corrected).)

## II. SUFFICIENCY OF THE EVIDENCE

In evaluating a § 2254 claim based on insufficient evidence, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original). Further, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. This Court finds the evidence of guilt more than sufficient to meet this standard.

The Circuit Court convicted Brumback of possession of marijuana while an inmate in violation of section 53.1–203(6) of the Code of Virginia.[3] A conviction under § 53.1–203(6)

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] "It shall be unlawful for a prisoner in a state, local or community correctional facility . . . to: 6. Procure, sell, secrete or have in his possession . . . marijuana." Va. Code Ann. § 53.1–203(6) (West 2008).

3

requires that the defendant (a) be a prisoner (b) in possession of (c) marijuana. In this case, Brumback did not dispute that he was a prisoner or that the substance found in his cell was marijuana. Brumback only disputes whether he possessed the marijuana. As explained below, the evidence at trial supports the element of possession.

At trial, Brumback attempted to set up two alternate theories explaining how 39.4 grams (almost 1.5 ounces) of marijuana ended up under a towel in his cell locker, both of which the Circuit Court rejected. Brumback's first theory involved another inmate leaving the marijuana in his locker. Brumback supported this theory with evidence that his cell was unlocked prior to Lieutenant Teel discovering the marijuana. (Sept. 25, 2008 Tr. 41:3.) Brumback also adduced evidence that another inmate, Estelle, was in his room reading a magazine when Teel first approached the cell. (*Id.* at 30:11–20.) Brumback testified that he remained out of his room for fifteen minutes prior to Teel's arrival. (*Id.* at 69:10–11, 24–25.) He admitted, however, that it is not common practice for inmates to hide marijuana, a substance that is "[w]orth money as well as cigarettes and commissary" (*id.* at 73:24–25), in another inmate's cell. (*Id.* at 73:17–20.) In finding Brumback guilty, the Circuit Court found Brumback's argument that "some other inmate had been floating around in your room reading a magazine [and] would put the marijuana there" to be "unreasonable." (*Id.* at 112:16–113:11.)

Brumback's second theory involved a set-up by Lieutenant Teel. Teel admitted at trial to having an inappropriate relationship with another inmate by the name "Neal." Brumback testified that he and Neal had "exchanged words, arguments" on the basketball court, resulting in "bad blood between the two of [them]." (*Id.* at 61:12–19.) In his closing argument, defense counsel argued that Teel's relationship with inmate Neal may have prompted her to seek retribution against Brumback and thus rendered her testimony not credible. (*Id.* at 109:25–

110:7.) In response, the Circuit Court cited the undisputed evidence of packaging material in Brumback's cell.[4] The Circuit Court reasoned that "Teel wouldn't bring [the marijuana] in some sort of balled up packaging if she had the intention to plant [it] in the room. . . . It would have simply been brought in in some very easy packaging, an envelope or something of that nature . . . ." (*Id.* at 114:9–23.) In short, neither exculpatory theory held water.

This Court finds the Circuit Court's rationale persuasive. The standard of review for § 2254 petitions is designed to give great deference to the trier of fact, in this case the Circuit Court. *Jackson*, 443 U.S. at 319. It is the trier of fact who witnesses testimony and resolves conflicts of credibility. *Id.* A federal habeas corpus court must presume, even in the absence of evidence in the record, that the trier of fact resolved conflicting factual inferences in favor of the prosecution. *Id.* at 326. Here, the Circuit Court specifically stated that the evidence suggested "no reasonable hypothesis of innocence." (Tr. 115:21–23.) Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Accordingly, the Court will dismiss Claim One.

### III. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The

---

[4] The Circuit Court noted that, whether or not Teel found the packaging material in Brumback's pocket or on the floor, the packaging material "was clearly there." (Sept. 25, 2008 Tr. 113:19–3.)

5

prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis omitted) (internal quotation marks omitted). At the same time, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 694.

### A. Claim Two (a)

In Claim Two (a), Brumback states that he did not wish to testify at trial because he "believed the prosecution would be able to exploit his prior disciplinary hearing convictions where he had tested positive for the use of marijuana." (§ 2254 Pet. 20.) When Brumback expressed this fear to trial counsel, "trial counsel unreasonably advised [Brumback] that . . . the prosecutor would not be able to cross-examine him beyond anything that was outside the scope of what would be brought on direct examination." (*Id.*) Brumback then took the witness stand and trial counsel questioned him only about his previous interactions with Inmate Neal. (Sept. 25, 2008 Tr. 61:9–20.) Over trial counsel's objection, the Commonwealth's Attorney confirmed on cross examination that, previous to the incident in question, Brumback smoked marijuana while incarcerated and failed a urine screening. (*Id.* at 80:16–81:4.) Brumback now claims that counsel's ineffective advice prejudiced him.

SCOVA held that this claim "fail[ed] to satisfy the 'prejudice' prong of the two-part test enunciated in [*Strickland*]." *Brumback v. Warden, Haynesville Corr. Ctr.*, No. 102112, at 2 (Va.

June 2, 2011). It stated, "The record, including the trial transcript, demonstrates that even if [Brumback] had not testified the evidence against him would have been overwhelming. Almost 40 grams of marijuana was found under a towel in [Brumback's] cell. Plastic, tape, and packaging material were found in [Brumback's] back pocket." *Id.* It also concluded that the introduction of his prior record could not have hurt him because the Circuit Court, conducting a bench trial, already knew by the nature of the charge that Brumback had a prior record. *Id.*

Where a state court has addressed a petitioner's claim on the merits, this Court cannot grant relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The Supreme Court of the United States (SCOTUS) has explained this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Brumback clearly cannot show that SCOVA's decision was defective in either manner. He makes no argument that it ran afoul of the "contrary to" clause, and this Court concludes that there was similarly no "unreasonable application."

SCOVA correctly pointed out that Brumback could not have established his connection to Inmate Neal and, by extension, could not have established Teel's alleged motivation to plant marijuana in Brumback's cell without his own testimony. Consequently, Brumback would have been left arguing that some other random inmate placed the marijuana in Brumback's locker—a theory the trial court rejected. Thus, SCOVA's determination that Brumback failed to demonstrate prejudice is not an "unreasonable application" of the *Strickland* standard. *See*

*Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) (emphasizing that, "[u]nder the dual, overlapping lenses of AEDPA and *Strickland*," to overcome a state court decision, a defendant must demonstrate that the decision "'was so lacking in justification that [it] was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'" (alteration in original) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011))).[5] In this Court's estimation, SCOVA could have just as easily concluded that defense counsel's strategy and tactics fell "within the wide range of reasonable professional assistance" given the necessity of Brumback's testimony to his defense.[6] *Burch*, 273 F.3d at 588. Accordingly, this Court is in no position to say that SCOVA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," and Claim Two (a) will be dismissed.

### B.     Claim Two (b)

In Claim Two (b), Brumback argues that appellate counsel unreasonably "pursued issues [on appeal] that were clearly and significantly weaker." (§ 2254 Pet. 20 (capitalization corrected).) To establish ineffective assistance of appellate counsel, a petitioner must again meet the *Strickland* standard requiring both unreasonableness and prejudice. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000); *Hudson v. Hunt*, 235 F.3d 892, 895 (4th Cir. 2000). To overcome the presumption of effective assistance of appellate counsel, petitioner must demonstrate that ignored issues were clearly stronger than those presented. *Jarvis*, 236 F.3d at 164. Brumback

---

[5] *See also Ledo v. Mize*, No. 1:07–cv–1199–SEB–JMS, 2008 WL 2338218, at *4 (S.D. Ind. June 4, 2008) (holding that the state court's determination, that counsel's failure to object to evidence of prior bad acts by defendant did not prejudice defendant because the information did not affect the trier of fact's decision, was not an unreasonable application of *Strickland*).

[6] This Court nevertheless acknowledges that trial counsel incorrectly advised Brumback about the possible scope of the Commonwealth's cross examination.

fails, however, even to identify which issues appellate counsel failed to pursue, much less demonstrate that these issues were "clearly stronger than those presented." *Id.* (internal quotation marks omitted). Thus, Brumback cannot show deficiency on the part of appellate counsel. Accordingly, Claim Two (b) will be dismissed.

### C. Claim Three (a)

In Claim Three (a), Brumback states that, by not objecting to the Commonwealth's nolle prosequi and its "bad faith continuances," counsel "was ineffective [and] objectively unreasonable." (§ 2254 Pet. 22 (capitalization corrected).) Objecting to the nolle prosequi would have been frivolous, so this claim is without merit. The Code of Virginia provides that "[n]olle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth *with good cause therefor shown.*" Va. Code Ann. 19.2–265.3 (West 2012) (emphasis added). Here, Brumback does not dispute that the Commonwealth requested the nolle prosequi "upon the failure of the primary witness [Teel] for the Commonwealth to appear." (Mem. Supp. Mot. Dismiss 9.) The witness's failure to appear certainly constitutes good cause. *See Harris v. Commonwealth*, 520 S.E.2d 825, 829–30 (Va. 1999) (holding that Commonwealth's failure to obtain necessary evidence in a timely manner was good cause for nolle prosequi). As a result, trial counsel's objection to this continuance would have been frivolous, and Brumback obviously cannot show deficiency where trial counsel did not make a frivolous objection.

Not objecting to the Commonwealth's requested continuances was similarly no indication of ineffective assistance. Brumback asserts that counsel deficiently failed to challenge continuances granted on August 21, 2007, October 16, 2007, June 5, 2008, and July 10, 2008.[7]

---

[7] The Court notes that *Brumback's* counsel requested the October 16, 2007 continuance. (Mem. Supp. Mot. Dismiss Ex. H.)

9

"'The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case.'" *Jami v. Commonwealth*, No. 3012-07-4, 2009 WL 586109, at *1 (Va. Ct. App. Mar. 10, 2009) (quoting *Ortiz v. Commonwealth*, 667 S.E.2d 751, 761-62 (Va. 2008)). "Where a party uses due diligence to secure the presence of a material witness at trial and the witness fails to appear, refusal to grant a continuance even after jeopardy has attached may be an abuse of discretion." *Robertson v. Commonwealth*, No. 1678-97-2, 1998 WL 841583, at *5 (Va. Ct. App. Dec. 8, 1998) (citing *Gray v. Commonwealth*, 431 S.E.2d 86, 89-90 (Va. Ct. App. 1993).

Brumback concedes that the Commonwealth requested these continuances, again, because of Teel's failure to appear as a witness. Indeed, the Circuit Court granted the July 10, 2008 continuance based on Teel's failure to appear in violation of a June 26, 2008 capias. (§ 2254 Pet. 24.) Nothing in the record indicates that the Commonwealth failed to use due diligence to secure Teel's presence. *See Brumback*, No. 102112, at 3 (holding that counsel's failure to object to continuances based on Teel's failure to appear did not demonstrate deficiency). Thus, trial counsel lacked any non-frivolous grounds to object to these continuances. *See Canda v. United States*, Nos. 1:07CR356, 1:09CV589, 2010 WL 722770, at *4 (E.D. Va. Feb. 26, 2010). Accordingly, because Brumback cannot show deficiency or prejudice, Claim Three (a) will be dismissed.

### D.     Claim Three (b)

In Claim Three (b), Brumback faults appellate counsel for foregoing "an ends of justice waiver and pursuing an issue in the alternative that was clearly and significantly wea[k]er." (§ 2254 Pet. 22 (capitalization corrected).) Brumback does not attempt to explain, however, his

bare assertion that counsel deficiently failed to argue the ends of justice exception.[8] Neither does Brumback explain why the issues appellate counsel chose were significantly weaker. Thus, Brumback fails to show deficiency or prejudice. *See Jarvis*, 236 F.3d at 164. Furthermore, "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders* [*v. California*, 386 U.S. 738 (1967)]." *Jones*, 463 U.S. at 754. Accordingly, Claim Three (b) will be dismissed.

---

[8] Virginia Supreme Court Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

Va. Sup. Ct. R. 5A:18 (West 2012).

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 8) will be GRANTED. Brumback's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[9]

An appropriate Order shall issue.

Date: 8/7/12
Richmond, Virginia

/s/ *signature*
John A. Gibney, Jr.
United States District Judge

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Brumback fails to meet this standard.